PER CURIAM.
 

 Appellant Jaddier Sanchez filed a motion for post-conviction relief alleging five discrete claims of ineffective assistance of trial counsel. Before the trial court ruled on this motion, Sanchez filed a motion for leave to amend to add additional claims and to correct pleading deficiencies in the originally filed motion. The trial court denied his motion. Sanchez then filed an addendum/amendment to his original motion with four new claims of ineffective assistance. The trial court summarily denied post-conviction relief in an order which addressed and acknowledged only the five claims raised in his original motion for post-conviction relief.
 

 On appeal, Sanchez argues that the trial court erred in denying his motion for leave to amend and in failing to consider his subsequently-filed addendum/amendment adding the four new claims. The State has filed a response to this court’s order to show cause conceding that the trial court should have considered the issues raised in the addendum/amendment as they were raised within the two year limitations period of Florida Rule of Criminal Procedure 8.850, and because the trial court had not yet ruled on the merits of the original motion.
 
 Samuels v. State,
 
 973 So.2d 662 (Fla. 4th DCA 2008). We agree.
 

 Accordingly, we reverse and remand to the trial court to allow the filing of the addendum/amendment and for the trial court to consider it along with the originally filed motion for post-conviction relief.
 

 Reversed and Remanded.
 

 HAZOURI, CIKLIN and LEVINE, JJ., concur.